```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|                                           |                        |
|-------------------------------------------|------------------------|
| SHERRY SMALL,                             |                        |
|     Plaintiff,        |                        |
|                                           | CIVIL ACTION           |
|     v.                | NO. 10-11842-WGY       |
|                                           |                        |
| MICHAEL J. ASTRUE,                        |                        |
| Commissioner, Social Security             |                        |
| Administration,                           |                        |
|                                           |                        |
|     Defendant.        |                        |

<u>MEMORANDUM OF DECISION</u>

YOUNG, D.J.                                              January 9, 2012

    This Court remands this case because the Administrative Law Judge (the "hearing officer") improperly failed to consider fibromyalgia as a medically determinable impairment at the outset of his decision-making analysis.  This Memorandum of Decision focuses on this specific error and the relevant reasons for remanding this case.

**I.  INTRODUCTION**

    The plaintiff Sherry Small ("Small") brings this action pursuant to 42 U.S.C. § 1383(c) seeking judicial review of the final decision of the Commissioner of Social Security Administration (the "Commissioner").  Small challenges the hearing officer's decision to deny her application for Social

1

Security Disability Insurance and Supplementary Security Income. She argues that the Commissioner's decision is "not supported by substantial evidence and is based on errors of law." Compl. 1, ECF No. 1. Small requests that this Court reverse the decision of the Commissioner or, in the alternative, remand the case to the Commissioner. Mem. Law Supp. Pl.'s Mot. Reverse Remand Decision Comm'r ("Pl.'s Mem.") 1, ECF No. 13. The Commissioner filed a motion for an order affirming his decision. Mem. Law Supp. Def.'s Mot. Affirm Comm'r's Decision, ECF No. 16.

**A. Procedural Posture**

Small applied for Social Security Disability Insurance Benefits and Supplemental Security Income on April 1, 2008. Admin. R. 149-55, 156-57. She alleged a disability onset date of April 30, 2003, in her application for Supplemental Security Income, and that she was unable to work as of March 16, 2008 in her application for Disability Insurance Benefits. Id. at 149, 156. Her applications were denied on July 21, 2008, and again denied upon reconsideration on October 24, 2008. Id. at 70, 73, 76, 79. On December 3, 2008, Small requested a hearing before a hearing officer. Id. at 84. On April 20, 2010, Small and her attorney[1] attended the hearing. Id. at 23. On May 24, 2010, the

---

[1] While the court transcript states that Small was represented by an "unidentified attorney," the hearing officer's written decision identifies the attorney as Kathryn Wickenheiser. See Admin. R. 7, 23.

hearing officer concluded that Small had "not been under a disability under the meaning of the Social Security Act from March 16, 2008, through the date of [the] decision," id. at 8, 19, and the Decision Review Board (the "Board") subsequently selected Small's case for review, id. at 4. The Board's ninety-day review period, however, elapsed before the Board completed its review and on August 27, 2010, the hearing officer's May 24, 2010, decision became the Commissioner's final decision. Id. at 1. On October 28, 2010, Small timely filed the present action with this Court seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 1383(c). See Compl. 1, 8, ECF No. 1.

### B. Factual Background

Small was born in 1971. Admin. R. 149. She has at least a high school education and has a certificate license as an "EMT Basic." Id. at 18, 26. In the fifteen years prior to the hearing, she had worked as a forklift operator, shipping and receiving clerk, unit assistant, salad preparer, line cook, and delivery driver. Id. at 18, 62-63. At the time of the hearing on April 20, 2010, she was not employed. Id. at 21, 26.

Fibromyalgia is a disorder "characterized by 'chronic and frequently difficult to manage pain in muscles and soft tissues surrounding joints.'" Cusson v. Liberty Life Assurance Co. of Bos., 592 F.3d 215, 218 (1st Cir. 2010) (quoting Rose v. Hartford Fin. Servs. Grp., 268 F. App'x 444, 446 n.4 (6th Cir.

3

2008) (citing Taber's Cyclopedic Medical Dictionary 402 (19th ed. 2001)).

As far as this Court can discern, Dr. Richard Sperling first mentioned Small's fibromyalgia on October 9, 1997, where he noted "a number of tender trigger points classic for the fibromyalgia syndrome . . . ." Id. at 1057. Sterling's assessment for that visit listed three issues, including fibromyalgia, and noted an issue with the dosage of Piroxicam, a medication used by Sterling to treat Small's fibromyalgia. Id. at 1058; see id. at 1067. A subsequent letter from Sperling addressed "To Whom it May Concern" on October 24, 1997, diagnosed Small with only myofascial pain syndrome and rotator cuff tendinitis. Id. at 1059. An assessment on November 6, 1997, again mentioned fibromyalgia, noting the condition was "overall doing well" and listing tenderness at several trigger points. Id. at 1061.[2] At

---

[2] This contradicts Small's memorandum supporting her motion, which refers to Dr. Sperling's report on September 26, 1997. Pl.'s Mem. 3, ECF No. 13 (directing this Court to Admin. R. 1053-56). On September 26, Dr. Sperling diagnosed Small with myofascial pain syndrome and never mentioned fibromyalgia. Admin. R. 1055. Furthermore, Dr. Sperling identified, in his trigger point exam, approximately nine trigger points, id. at 1055, not "at least 11," as Small suggests. Pl.'s Mem. 3. These trigger points appear to be as follows: (1) the anterior border of the trapezius on the left, (2) the anterior border of the trapezius on the right, (3) subacromial tenderness on the right, (4) the elbow on the left, (5) the upper left subscapular bursa, (6) left proximal supraspinatus, (7) left gluteus, (8) pes anserine bursa bilaterally, and (9) a "few of the costochondral junctions, left more so than right." Admin. R. 1055. The hearing officer notes this in his decision. See id. at 11 ("While specific tender trigger points were noted on examinations

4

the time of Dr. Sperling's December 1 report, the trigger point exam report accounts for approximately eight trigger points: "mild tenderness of the subacromial spaces, bilateral trapezii, right nuchal ridge, blutei and trochanteric bursae," in addition[3] to "mild tenderness present over the jointline medially, 2+ tenderness of the medial fat pad and 3+ [tenderness] of the pes anserine bursa." Id. at 1063. The first date that Dr. Sperling definitively found sufficient trigger points is on December 19, 1997, when he stated that the "[t]rigger point examination revealed mild tenderness of virtually all the trigger points classic for the fibromyalgia syndrome . . . ." Id. at 1067.

Other medical professionals also diagnosed her with fibromyalgia. On November 10, 2006, and December 1, 2006, Dr. Michael Hait examined Small and found that she had fibromyalgia. Id. at 878-79 (stating that "[t]his is a 35 year old woman with fibromyalgia"). On April 28, 2008, Dr. Thomas Doyle examined Small and found "severe fibromyalgia." Id. at 1162, 1166. On May 6, 2008, Dr. Roland Chan examined Small, and after a rheumatology exam, assessed her with fibromyalgia, although he

---

. . . examinations performed since the alleged onset date do not describe the requisite findings to support a diagnosis of fibromyalgia during the relevant period of time.").

[3] "In addition" because Dr. Sperling refers to these points in relation to the trigger point exam as "as above," but does not specify which of these points "in addition" are actually part of the trigger point exam or part of his general examination. Admin. R. 1063.

stated that fibromyalgia was "a new problem for me." Id. at 959-60. On May 13, 2008, Dr. Eric Dominguez examined Small and assessed her with, among other conditions, "chronic fibromyalgia pain syndrome." Id. at 822. On May 28, 2008, Nurse Practitioner Ann Leal, in a subjective assessment, notified an "exacerbation of fibromyalgia." Id. at 947. On June 26, 2008, Leal again assessed Small with fibromyalgia. Id. at 948.

## II. LEGAL STANDARD

### A. Standard of Review

Under 42 U.S.C. § 405(g),[4] district courts may affirm, modify, or reverse the Commissioner's decision based on the pleadings and transcript of the record before the Commissioner. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); see Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). In the First Circuit, district courts must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Secretary of Health &

---

[4] The judicial standard applied under section 1383(c) is that of section 405(g). See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriquez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)) (internal quotation marks omitted).  Because the Commissioner's role involves drawing factual inferences, making credibility determinations, and resolving evidentiary conflicts, district courts must not perform such tasks when reviewing the record.  Id.

Therefore, complainants face a difficult battle when challenging the Commissioner's decision because, under the substantial evidence standard, courts must uphold the Commissioner's determination, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."  Rodriquez Pagan v. Secretary of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).  While the Commissioner's findings of fact are conclusive if supported by substantial evidence, district courts review questions of law de novo.  Ward v. Commissioner of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).

**B.   Social Security Disability Standard**

Individuals are considered disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

7

months."  42 U.S.C. § 423(d)(1)(A).

The Social Security Administration promulgated a five-step sequential analysis to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520(a)(4).  Hearing officers must determine in sequence: (1) whether claimants are engaged in substantial gainful activity; (2) whether claimants have a severe impairment; (3) whether the impairment meets or medically equals an impairment listed under Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations; (4) whether claimants have the residual functional capacity to perform their past relevant work; and (5) whether the impairment prevents claimants from doing any other work in light of claimants' age, education, and work experience.  Id.

Claimants bear the burden in the first four steps to show that they are disabled within the meaning of the act.  Goodermote v. Secretary of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982).  Once claimants have established that they are unable to return to their former employment (step four), the burden shifts to the Commissioner to prove the fifth step: that claimants are able to engage in substantial gainful activity that exists in significant numbers in the national economy.  Id.

### III.  THE HEARING OFFICER'S DECISION

After applying the five-step sequential evaluation, the hearing officer found that Small was not "under a disability

8

within the meaning of the Social Security Act from March 16, 2008, through [May 24, 2010]." Admin. R. 8. At the first step, the hearing officer found that Small had "not engaged in substantial gainful activity since March 16, 2008." Id. at 10. At the second step, the hearing officer found that Small did have "the following severe impairments: left shoulder disorder, left elbow disorder, chronic pain syndrome, asthma/chronic obstructive pulmonary disease and bipolar disorder." Id.

He also stated that while Small had been diagnosed with fibromyalgia, "fibromyalgia is not a medically determinable impairment" because:

> A medically determinable impairment must be demonstrated by medical signs and laboratory findings.
> . . . . The American College of Rheumatology Criteria for the Classification of Fibromyalgia requires pain on digital palpation in eleven of eighteen tender point sites . . . . While multiple sources have diagnosed fibromyalgia and referenced tender trigger points, they did not describe the location or the number of such trigger points to support a diagnosis of fibromyalgia. While specific tender trigger points were noted on examinations prior to the alleged onset date, examinations performed since the alleged onset date do not describe the requisite findings to support a diagnosis of fibromyalgia during the relevant period of time.[5]

---

[5] It thus appears that the hearing officer thought that fibromyalgia was not a medically determinable impairment because it did not rely on objective findings, such as medical signs or laboratory findings. He does, however, point out that such an objective test exists, suggesting that fibromyalgia is a medically determinable impairment, but perhaps that he could only take into account the objective requirements as provided for by the American College of Rheumatology Criteria for the Classification of Fibromyalgia. As will be discussed below, this

9

Id. at 10-11 (citations omitted). Thus, at the third step, the hearing officer found that Small's "impairment[s] or combination of impairments [did not meet] or medically equal[] one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Id. at 11 (specific citations omitted). He did not include fibromyalgia as an impairment or one of a combination of impairments. At the fourth step, the hearing officer found that Small retained "the residual functional capacity to perform light work as defined in 20 CFR [§] 404.1567(b) and [§] 416.967(b)" with the following exceptions: "she can occasionally engage in overhead reaching with her left upper extremity. She can occasionally push and/or pull with her left upper extremity. She can occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ladders." Id. She "must avoid concentrated exposure to irritants" and be "limited to simple, routine tasks in an isolated work setting with only occasional supervision." Id. As a result, the hearing officer found that Small could not "perform any past relevant work." Id. at 18. The hearing officer did not consider Small's fibromyalgia diagnosis at this step. Id.

At the fifth step, however, the hearing officer found, based on Small's "age, education, work experience, and residual

---

Court faults the hearing officer's reliance on solely objective requirements in relation to fibromyalgia as well as his assertion that fibromyalgia itself is not a medically determinable impairment.

10

functional capacity," that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id. Therefore, the hearing officer concluded that Small had "not been under a disability, as defined in the Social Security Act, from March 16, 2008, through [May 24, 2010]." Id. at 19.

## IV. ANALYSIS

Small contests the hearing officer's findings at the third step of the disability analysis on five grounds. Pl.'s Mem. 12. Small alleges that the hearing officer: (A) erroneously concluded that fibromyalgia "was not a medically determinable impairment," (B) "rejected treating source evidence" while "giving controlling weight to the opinions of non-examining consultants;" (C) granted insufficient weight to the impact of Small's mental impairments; (D) "failed to properly evaluate [Small's] testimony about her symptoms;" and (E) "based [Small's] residual functional capacity on incomplete evidence, resulting in invalid testimony by the vocational expert." Id. at 12. This Court addresses these claims insofar as they are relevant to the hearing officer's failure to consider fibromyalgia.

### A. Fibromyalgia is a Medically Determinable Impairment

Claimants who allege disability due to pain must establish that they suffer from "a clinically determinable medical impairment that can reasonably be expected to produce the pain

11

alleged." Avery v. Secretary of Health & Human Servs., 797 F.2d 19, 21 (1st Cir. 1986). Hearing officers must then consider the complaints of pain with all other relevant evidence, and are "not free to discount pain complaints simply because the alleged severity thereof is not corroborated by objective medical findings." Carbone v. Sullivan, No. 91-1964, 1992 WL 75143, at *5, (1st Cir. Apr. 14, 1992) (citing Da Rosa v. Secretary of Health & Human Servs., 803 F.2d 24, 25-26 (1st Cir. 1986)).

Here, the hearing officer based his finding that fibromyalgia is not a medically determinable impairment on two grounds.[6] Admin. R. 10. First, he stated that "[a] medically determinable impairment may not be established solely on the basis of symptoms alone . . . ." Id. Second, the hearing officer stated that "a medically determinable impairment must be demonstrated by medical signs and laboratory findings." Id.

This, however, runs afoul of rulings in this and other circuits. When hearing officers focus their fibromyalgia analysis solely on the existence of trigger points, they erroneously require "objective evidence beyond the clinical findings necessary for a diagnosis of fibromyalgia under established medical guidelines." Johnson v. Astrue, 597 F.3d

---

[6] The hearing officer may have attempted to state that Small's impairments did not meet the requirements in the listings, but stating that fibromyalgia is not a medically determinable impairment is error. See, e.g., Johnson v. Astrue, 597 F.3d 409, 412 (1st Cir. 2009).

409, 412 (1st Cir. 2009) (quoting Greene-Younger v. Barnhart, 335 F.3d 99, 107 (2d Cir. 2003)). Given fibromyalgia's nature, weight must be given to subjective, as well as objective, determinations. See Lawson v. Astrue, 695 F. Supp. 2d 729, 737 (S.D. Ohio 2010) (stating that "[f]ibromyalgia, like other chronic conditions, is likely to cause different magnitudes of symptoms over time . . . . And the fact that her subjective complaints do not correlate with the objective medical findings is the hallmark of a fibromyalgia diagnosis" (citing Preston v. Secretary of Health & Human Servs., 854 F.2d 815, 820 (6th Cir. 1988)). "Fibromyalgia is a condition which 'causes severe musculoskeletal pain which is accompanied by stiffness and fatigue due to sleep disturbances'" and "[u]nlike other medical conditions, . . . is not amenable to objective diagnosis and standard clinical tests are 'not highly relevant' in diagnosing or assessing fibromyalgia or its severity." Lawson, 695 F. Supp. 2d at 744 (quoting Preston, 854 F.2d at 817, 820).

The hearing officer, by summarily dismissing fibromyalgia as not a medically determinable impairment, effectively precluded Small from relying at all on impairments relating to or arising from fibromyalgia. See Admin. R. 10. This dismissal becomes even more problematic because it provided the basis upon which the hearing officer rejected findings by Small's treating sources in favor of findings by non-treating sources. Id. at 10-11, 13-

13

14.

## B. Treating Sources

Hearing officers generally must give more weight to the examining sources' opinions than to those of the non-examining sources due to the existence of the treating relationship. 20 C.F.R. § 404.1527(d)(1). On issues reserved to the Commissioner, such as determining whether the impairment "meets or equals the requirements of any impairment(s) in the Listing of Impairments," however, he need not give special significance to examining sources' opinions. Id. § 404.1527(e)(2)-(3). When hearing officers find that the treating sources' opinions are not "well-supported by medically acceptable . . . diagnostic techniques" and are "inconsistent with other substantial evidence" in the record, they need not give the opinions controlling weight. Id. § 404.1527(d)(2). The weight given non-examining sources' opinions may be based on the circumstances and can constitute substantial evidence, but hearing officers are "not free to substitute [their] own judgment for uncontroverted medical opinion." Rose v. Shalala, 34 F.3d 13, 18 (1st Cir. 1994) (stating that "uniform medical opinion requires finding" for the claimant).

Hearing officers must evaluate medical opinions, regardless of their source, according to all of the following factors: (1) whether the medical opinion is based on an actual examination;

14

(2) if a treatment relationship exists, the length of the treatment, frequency of examination, and nature and extent of the relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialty of the opinion-giver; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(d)(1)-(6). When treating sources' opinions are not given controlling weight, hearing officers must provide "good reasons" for their decision. Id. § 404.1527(d)(2). Here, the hearing officer substituted his own belief regarding a medical condition and therefore failed to properly evaluate the various medical opinions or provide good reason for rejecting treating opinions.

### 1. The Hearing Officer Failed to Properly Evaluate the Medical Opinions

The hearing officer failed properly to consider and weigh competing medical decisions when deciding that fibromyalgia is not a medically determinable impairment and whether Small indeed had fibromyalgia during the relevant time period. Specifically, the hearing officer appeared to substitute his own belief that fibromyalgia was not diagnosable except by objective medical and laboratory findings and appeared to discount multiple treating sources' opinions primarily because they diagnosed Small with fibromyalgia. See, e.g., Admin. R. 13-14 (rejecting Dr. Doyle's assessed limitations because they "were based, in part, on a diagnosis of fibromyalgia"); id. at 14 (rejecting Leal and Dr.

15

Bozzo's opinions because they "indicated that the assessed limitations were based, in part, on a diagnosis of fibromyalgia" before repeating that "fibromyalgia is not a medically determinable impairment").

The hearing officer found that Dr. Kaplan, who provided a non-treating, non-examining medical opinion, id. at 46-47, presented a persuasive assessment. The hearing officer may do so at his discretion, but his only grounds for doing so again appear to be based on his own belief that fibromyalgia requires objective findings. Id. at 11 (finding Dr. Kaplan's testimony persuasive because "it is consistent with the evidence of record as discussed above" which refers this Court to the hearing officer's assertion that Small failed to provide a record of objective determinations regarding fibromyalgia).

At the very least, when declining to grant weight to treating sources, the hearing officer was required to provide good reason, which he failed to do.

### 2. The Hearing Officer Failed to Provide Good Reason for Rejecting Treating Opinions

The extent of the hearing officer's reasoning for rejecting the treating opinions appears to be that Small was never objectively diagnosed with fibromyalgia under the eleven-of-eighteen trigger point test. See id. at 11. The hearing officer again appears to have derived his reasoning for rejecting the treating opinions based on his own substituted judgment as to how

fibromyalgia ought be diagnosed.  He does not apply the factors required under the Code of Federal Regulations, nor does he provide any additional reasons for rejecting the treating sources' opinions.  20 C.F.R. § 404.1527(d)(1)-(6).

While this Court must grant the hearing officer significant discretion, it appears that the hearing officer failed to accurately follow the legal standards that he must apply when weighing, approving, and rejecting treating medical opinions.

### C.   Remand

In the answer to Small's complaint, ECF No. 6, the Commissioner claims as a defense that Small has not shown "good cause" necessary for a remand pursuant to 42 U.S.C. § 405(g). The "good cause" limitation in section 405(g) only applies "when the district court learns of evidence not in existence or available to the applicant at the time of the administrative proceeding that might have changed the outcome of that proceeding."  Seavey v. Barnhart, 276 F.3d 1, 13 (1st Cir. 2001) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). Here, this Court remands the case not because of new evidence, but as a result of the hearing officer's error, and Small need not show good cause.  See 42 U.S.C. § 405(g).

### V.   CONCLUSION

This Court expresses no opinion on whether the hearing officer properly examined Small's mental impairments in

17

combination with her physical ones, since at the outset, the hearing officer failed to consider whether fibromyalgia ought be included in making that assessment. Similarly, this Court expresses no opinion as to what effect the hearing officer's lack of consideration of fibromyalgia as a medically determinable impairment had on the assessment by the vocational expert.

    For all the reasons stated above, this Court GRANTS SMALL'S MOTION IN PART and DENIES IT IN PART. ECF No. 10. This Court grants Small's motion for remand and denies Small's request to reverse the Commissioner's decision. This case is remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) in accordance with this opinion.

    SO ORDERED.

                                     /s/ William G. Young  
                                     WILLIAM G. YOUNG  
                                     DISTRICT JUDGE